XENG LO,

                Plaintiff,

v.                                                             Case No. 20-cv-965-pp

MILWAUKEE COUNTY OFFICE OF
CORPORATION COUNSEL,

                Defendant.

**ORDER VACATING ORDER DISMISSING CASE (DKT. NO. 16) AND JUDGMENT (DKT. NO. 17), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

Xeng Lo, an inmate at the Milwaukee County Jail who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that someone at the Milwaukee County House of Correction violated his constitutional rights. Dkt. No. 1. On October 27, 2020, the court dismissed the case because the plaintiff had not paid the initial partial filing fee, despite the court's repeated instructions to him to do so. Dkt. No. 16. The court vacates that order (dkt. no. 16) and the judgment (dkt. no. 17), re-opens the case, grants the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h).

1

The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 6, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $6.00. Dkt. No. 9. As the court detailed in its dismissal order, the plaintiff did not pay the initial partial filing by the October 16, 2020 deadline. Dkt. No. 16. The court dismissed the case on October 27, 2020. Dkt. No. 16.

A couple of weeks later, on November 12, 2020, the court received the plaintiff's $6.00 initial partial filing fee. The next day, the court received a letter from the plaintiff stating that he could prove he had timely requested that the jail deduct the initial partial filing fee from his account. Dkt. No. 18 at 1. He attached a copy of his "Inmate Balance History Report," showing that he had requested payment of the initial partial filing fee on September 22, 2020, more than three weeks before the fee was due. Id. at 3. The plaintiff asked the court to reopen his case. Id. at 1.

The court will grant the plaintiff's request to reopen the case because the plaintiff was not responsible for the late payment of his initial partial filing fee. The plaintiff has paid the $6.00 fee, so the court will allow him to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of

the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

    B.    The Plaintiff's Allegations

The plaintiff alleges that, on June 9, 2020, while he was incarcerated at the Milwaukee House of Correction, Officer William was assigned to transport him in a wheelchair to the health center. Dkt. No. 1 at 2. The plaintiff says that Officer William was frustrated and mad about the assignment, so he pushed the plaintiff out of the wheelchair. Id. at 2. The plaintiff says that he suffered "further back injury & suffered severe knee pain" as a result of being pushed out of the wheelchair. Id. at 2-3. The plaintiff says the officer also called him a name and was disrespectful and he says that all these events were recorded on the HOC security cameras. Id. at 3. He seeks damages for pain and suffering from "Officers Williams negligence." Id.

The plaintiff seeks $100,000 in damages. Id. at 4.

    C.    Analysis

The only defendant the plaintiff names in the caption of his complaint is the Milwaukee County Office of Corporation Counsel. Dkt. No. 1. The caption is the only place the plaintiff references the Office of Corporation Counsel; he did

4

not make any allegations against the Corporation Counsel in the body of his complaint. The plaintiff has not stated a claim against the Corporation Counsel and the court will dismiss it as a defendant.

The court suspects that the plaintiff did not know who he should name as a defendant. The Court of Appeals for the Seventh Circuit has explained that a plaintiff's failure to name the correct defendant in the caption of his complaint is not dispositive. Donald v. Cook Cty. Sheriff's Dept., 95 F.3d 548, 559 (7th Cir. 1996). Because "pro se complaints are to be liberally construed, . . . courts may construe them as having named defendants who are mentioned only in the body of the complaint." Id. The court will construe the plaintiff's complaint as having named Officer William of the House of Correction as a defendant, because Officer William is the only person against whom the plaintiff has made any allegations.

The court will allow the plaintiff to proceed against Officer William based on the plaintiff's allegations that Officer William intentionally pushed the plaintiff out of his wheelchair, injuring the plaintiff's back and knee. The plaintiff did not state whether he was a pretrial detainee or a convicted prisoner at the time of the events he describes in the complaint. If he was a pretrial detainee, his rights arise out of the Fourteenth Amendment's Due Process Clause, and he will need to show that "the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). If he was a convicted prisoner, his rights arise out of the Eighth Amendment, and he will have to show that the use of force "was applied

5

Case 2:20-cv-00965-PP   Filed 11/23/20   Page 5 of 9   Document 19

maliciously and sadistically to cause harm." Id. at 400-01. (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).

Because the facts the plaintiff has alleged would state a claim under both the Fourteenth and the Eighth amendments, at this stage of the case the court need not determine which amendment applies. The court advises the plaintiff that, under either amendment, Officer William can be held liable only if the plaintiff is able to prove that William acted with more than mere negligence. Kingsley, 576 U.S. at 396 (explaining that defendants who act accidentally or negligently will not be liable under the Constitution).

The court notes that the plaintiff filed this lawsuit about two weeks after the incident allegedly occurred. This timing raises the question of whether the plaintiff exhausted his available administrative remedies as required by 42 U.S.C. §1997e(a) before he filed this lawsuit. A plaintiff's failure to exhaust administrative remedies is an affirmative defense, Jones v. Bock, 549 U.S. 199, 211–12 (2007), so the court need not resolve that issue now. But if the plaintiff has not completed the grievance process, his complaint could be dismissed if the defendant raises the issue later. Perez v. Wis. Dept. of Corr., 182 F.3d 532, 535 (7th Cir. 1999). A prisoner cannot complete the grievance process while a lawsuit is pending—he must do so *before* he files his lawsuit. See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) (affirming dismissal of lawsuit filed two days before prisoner completed grievance process). If the plaintiff has not exhausted his administrative remedies, he may wish to voluntarily dismiss this

6

case without prejudice so that he can complete the grievance process and comply with §1997e(a).

### III. Conclusion

The court **VACATES** its October 27, 2020 order denying the plaintiff's motion for leave to proceed without prepaying the filing fee and dismissing this case and **VACATES** the judgment. Dkt. Nos. 16, 17.

The court **DIRECTS** the clerk's office to **REOPEN** this case.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** Milwaukee County Office of Corporation Counsel as a defendant and **ADDS** Officer William as a defendant. The court **DIRECTS** the clerk's office to update the caption accordingly.

Under an informal service agreement between Milwaukee County and this court, a copy of the complaint and this order have been electronically transmitted to Milwaukee County for service on defendant Officer William (who worked at the House of Correction on June 9, 2020). Under the informal service agreement, the court **ORDERS** the defendant to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$344.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

The court will issue a separate order **REFERRING** this case to Magistrate Judge William E. Duffin for pretrial proceedings.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 23rd day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**