UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XENG LO,

                              Plaintiff,

        v.                                                       Case No. 20-cv-0965-bhl

KYLE WILLIAMS,

                              Defendant.

## DECISION AND ORDER

This is a *pro se* prisoner case in which the plaintiff, Xeng Lo, has repeatedly failed to comply with deadlines, Court orders, and discovery obligations despite being afforded multiple "do-overs." Because Lo has already been given several chances to bring himself into compliance with his duties as a federal court litigant and has been warned that continued failures might result in the dismissal of his case, the Court will no longer allow Lo to unnecessarily delay resolution of this case and prejudice the Defendant. Having exhausted his second chances, Lo's latest noncompliance warrants dismissal of this case.

### BACKGROUND

Lo's record of noncompliance and delay began with his failure to timely pay the filing fee. Lo filed his complaint and a motion for leave to proceed without prepayment of the filing fee on June 26, 2020. Dkt. No. 1. On August 6, 2020, the Court ordered Lo to pay an initial partial filing fee of $6.00 by August 27, 2020. Dkt. No. 9. That order was returned to the Court as undeliverable; Lo had failed to inform the Court that he had been transferred to a different institution. On August 11, 2020, Lo sent a letter to the Court giving it permission to withdraw

$6.00 from his account.  Dkt. No. 11.  The Court updated Lo's address based on the return address on the envelope containing Lo's letter and explained to Lo that he had to follow his institution's policies to arrange payment of the initial partial filing fee.  Dkt. No. 12.  That order was also returned to the Court as undeliverable because Lo had once again been transferred to a different institution but had not notified the Court.  After consulting the Milwaukee County online inmate locator, the Court resent its order to Lo at the institution where he was housed.

On September 15, 2020, the Court received another letter from Lo.  Dkt. No. 14.  He explained he had contracted Covid and was being moved back and forth between Milwaukee County Jail and the House of Correction.  He explained he finally had money on his books and gave the Court permission to withdraw the initial partial filing fee from his account.  The Court again explained that it could not arrange payment of the fee on his behalf and instructed him to follow the policies at his institution to arrange for payment of the fee.  Dkt. No. 15.  The Court allowed Lo an additional month, until October 16, 2020, to forward the payment.

Lo did not submit payment by the extended deadline.  After waiting another 11 days, at which point the Court still had not received Lo's initial partial filing fee, Lo's case was dismissed without prejudice.  Dkt. No. 16.  A couple weeks later, on November 12, 2020, the Court received the fee.  The following day, the Court received a letter from Lo along with supporting documentation explaining that he had tried to timely request that the jail mail the fee to the Court. Dkt. No. 18.  Given Lo's incarcerated status and because he appeared to have done what he could to ensure timely payment of the fee, the Court vacated the dismissal and screened Lo's complaint. Dkt. No. 19.  The Court allowed Lo to proceed on an excessive force claim based on allegations that Defendant Kyle Williams had intentionally pushed Lo out of a wheelchair, injuring Lo's back and knee.  *Id.* at 5.

After Williams answered Lo's complaint, denying that he had pushed Lo out of his wheelchair, the Court set a discovery schedule, with a June 25, 2021 discovery cutoff and July 26, 2021 dispositive motion deadline. Dkt. No. 26. On May 26, 2021, Lo informed the Court that he had again changed facilities and was now housed at the Dodge Correctional Institution. Dkt. No. 27.

On June 14, 2021, Williams filed an expedited motion to extend the case deadlines. Dkt. No. 29. He explained that the parties had exchanged discovery requests and that, while Williams had responded to Lo's requests, he thought Lo may need a short extension to respond to Williams' requests given Lo's recent transfer to a new institution. *Id.* Williams' counsel informed the Court that he had called Lo at his new institution and confirmed that Lo had received Williams' discovery requests. *Id.* Counsel explained that, while Lo asserted that he intended to respond, counsel had not yet received his responses. *Id.* Counsel also explained that he had only recently received Lo's signed medical authorization form, so it would take some time to obtain Lo's medical records from the third-party provider. *Id.* The Court granted Williams' motion and extended the discovery deadline to August 9, 2021 and the dispositive motion deadline to September 9, 2021. Dkt. No. 30.

On August 4, 2021, Williams filed a second motion to extend the case deadlines and a motion to compel discovery. Dkt. No. 34. He explained that Lo still had not responded to the discovery requests that he had served on May 5, 2021. Williams' counsel explained that he had mailed a letter to Lo on July 13, 2021, requesting the status of his responses and offering to discuss when his responses would be available and when Lo could sit for his deposition. Counsel explained that Lo did not respond to his letter. Counsel also informed the Court that he had served Lo with notice that his deposition would occur on August 6, 2021, a few days before the discovery

3

deadline. Counsel explained that he had hoped the notice would spur Lo to respond to Williams'

discovery requests. Counsel's hopes proved to be in vain. Despite his patience and affirmative

efforts to work with the plaintiff, Lo still did not respond to the pending discovery. Without Lo's

responses, counsel felt that he could not adequately prepare for the deposition, so he canceled it.

On August 5, 2021, the Court granted Williams' motion to extend the discovery and

dispositive motion deadlines and ordered Lo to either respond to Williams' timely served

discovery request or respond to his motion to compel. Dkt. No. 38. The Court reminded Lo that

failure to diligently prosecute this case may result in sanctions, including dismissal of the case.

The same day that the Court entered its order, Lo filed a motion to stay the case, which the Court

promptly denied. Dkt. No. 39, 40.

On August 27, 2021, Williams' counsel wrote a letter informing the Court that he still had

not received Lo's discovery responses. Dkt. No. 41. Shortly thereafter, after consulting the

Department of Corrections' online inmate locator, the Court learned that Lo had again been

transferred to a different institution, this time in late July. Despite being instructed (more than

once) to inform the Court of changes to his address, *see* Dkt. No. 19 at 9, Dkt. No. 26 at 2, Lo had

again failed to provide the Court with updated contact information, making it likely that he had

not received the Court's most recent decisions ordering him to respond to Williams' discovery

requests and/or motion and denying Lo's motion to stay the case (Dkt. Nos. 38, 40). Even though

it had been Lo's fault that the Court could not communicate with him, the Court decided to resend

its August 5 and August 9, 2021 decisions to Lo and to extend his deadline to respond to Williams'

timely served discovery requests and/or motion. Dkt. No. 42. The Court again warned Lo that if

he did not comply by September 22, 2021, the Court may dismiss his case based on his failure to

diligently prosecute it.

Nearly a week after the deadline, on September 28, 2021, Williams' counsel filed a letter informing the Court that "[i]n a good faith effort to confer," he telephoned Lo on September 23, 2021, at which time Lo stated that he had mailed his discovery responses a few days earlier. Dkt. No. 44. Counsel asserted that he received Lo's responses on September 27, 2021, and based on his conversation with Lo, he believed that Lo intended to prosecute this case. To address an earlier statement by Lo that English is his second language, counsel confirmed that he was able to converse with Lo without difficulty and that he did not believe any language barriers would hinder the case from moving forward. He also informed the Court that he had served a notice of deposition upon Lo to occur before the October 8, 2021 discovery deadline.

On October 14, 2021, the Court received a short statement from Lo, in which he noted, "I read the paper wrong. I thought it was on the 17 of October, but it was actually on the 10-7-21 instead. Can we reschedule it by any chance, sorry for the inconvenience." Dkt. No. 46. It was unclear at the time what Lo was seeking to reschedule, but it became clear a few days later when, on October 18, 2021, Williams filed a motion to compel discovery and a motion to extend the discovery and dispositive motion deadlines or, in the alternative, a motion to dismiss for failure to prosecute. Dkt. No. 47. Williams' counsel explained in his supporting declaration that Lo had still not completely responded to written discovery requests that were long overdue. Rather, Lo had responded only to Williams' requests for admission; he had yet to respond to Williams' first set of interrogatories or requests for documents, which Williams had served on May 5, 2021. Dkt. No. 48. Further, counsel explained that on October 7, 2021, he and a court reporter appeared at 9:00 a.m. for the remote deposition of Lo. Counsel asserted that institution staff confirmed that Lo had received the deposition notice. After waiting more than thirty minutes, institution staff informed counsel that the deposition would have to be rescheduled.

Counsel acknowledged Lo's statement that he had misread the date on the notice but emphasized that Milwaukee County had to incur the cost of Lo's non-appearance. Dkt. No. 47. In addition, counsel found Lo's explanation that he had failed to appear because he misread the notice suspect. According to counsel, institution staff confirmed that Lo was told two days in advance of the deposition when and where the deposition would occur. Williams asks the Court to again extend the discovery and dispositive motion deadlines so that Lo can respond to his discovery requests and sit for his deposition. In the alternative, Williams asks the Court to dismiss this case based on Lo's failure to respond to his interrogatories and document requests and based on Lo's failure to participate in his deposition at significant cost to the County.

### ANALYSIS

Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . ." Further, under Fed. R. Civ. P. 37(b)(2), if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders[, including] . . . dismissing the action or proceeding in whole or in part."

Lo's repeated failures to comply with deadlines and the Court's orders have significantly prejudiced Williams by unnecessarily delaying resolution of this case, driving up costs, and wasting resources. From the beginning, the Court has afforded Lo multiple opportunities to comply with his obligations. First by directing and then redirecting Lo on his obligation to arrange for the payment of the initial partial filing fee. Then, when Lo failed to update his contact information, by searching online databases to locate Lo and resending orders to ensure he received them. And finally, by extending the case deadlines multiple times to allow Lo to respond to Williams' discovery requests. Throughout, Williams' counsel has been patient and professional,

6

extending every possible courtesy to Lo. He has called Lo more than once to explain his obligation to respond and to remind him of upcoming deadlines, and he has repeatedly requested extensions of deadlines so that Lo could respond to Williams' requests. Even institution staff have made efforts to help Lo comply by reminding him two days before his deposition when and where the deposition would occur. Yet, despite these many efforts, Lo still has not responded to the interrogatories and document requests that Williams served upon him more than six months ago and he failed to appear for his deposition.

Lo is not diligently prosecuting this case, he has repeatedly ignored the Court's orders, and he has failed to respond to timely served discovery requests, making it difficult if not impossible for Williams to defend against Lo's claim. Based on this record, the Court believes dismissal of this case is warranted. Accordingly, the Court will grant Williams' motion to dismiss.

**IT IS THEREFORE ORDERED** that Williams' motion to dismiss for failure to prosecute (Dkt. No. 47) is **GRANTED** and that this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that Williams' motion to compel discovery and motion to extend the discovery and dispositive motion deadlines (Dkt. No. 47) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on October 21, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge